## Case No. 9,609a.

### MILLNER v. SCHOFIELD et al.

[4 Hughes, 258.]

Circuit Court, W. D. Virginia.    June, 1881.

PATENTS—INFRINGEMENT OF COMBINATION CLAIMS —MANUFACTURE OF PARTS—JURY DISCHARGED.

[The manufacture and sale of pipes, elbows, and sheets of iron, capable of being used in making up certain parts of a combination apparatus, with the intention that they should be so used, is not an infringement, where such pipes, etc., are not useless except in the combined apparatus, but, on the contrary, are adapted for general use for numerous other valuable purposes. Wallace v. Holmes, Case No. 1,700, distinguished.]

[This was an action at law to recover damages for the alleged infringement of plaintiff's patent by Schofield & Co.]

T. S. Flournoy and M. M. Tredway, for plaintiff.

R. W. Peatross, for defendants.

HUGHES, District Judge (charging jury). The question here is not whether the invention under consideration is novel and whether the plaintiff's patent for it is valid and sustainable under the judicial ordeal. It is simply whether the defendants have infringed it. We all sympathize with Mr. Millner, and would be glad to see him richly rewarded for the time and trouble and study he may have devoted to the subject of this controversy. But what we are called to consider is a question of law. The law is very liberal towards inventors, and congress has done much to encourage and stimulate inventions; it has provided for the issuing of letters-patent for their protection and the possessor of a patent right is made a monopolist as to the article or commodity described in his letters-patent. But it is also due to the general public that protection should be afforded to merchants and manufacturers in their business and trade. It is not shown in the evidence that defendants have done more than manufacture and sell pipes, elbows, and sheets of iron of a sort capable of being used in making up in part the tobacco-curing apparatus claimed to have been invented by the plaintiff, and with the intention that they should be so used. The plaintiff's invention consists of short double furnaces in front of the tobacco house; of two or more flues entering the building from these outside furnaces; of a common flue in the back part of the building connecting the other flues; of a return flue leading from the latter to front of the building and discharging into a chimney outside in front; of cut-offs and valves in the flues, for regulating the heat; and of pans on the flues for holding water in evaporation. The complete apparatus is

elaborate, and is doubtless a valuable invention. It consists, however, not of any newly invented material or form of material, but only of a combination of materials in general use. The flues were made of large stove-piping, not of a peculiar manufacture; and the invention consists in combining this large piping into flues and a chimney, and connecting with them the furnaces, valves and pans described in the plaintiff's patent. It is not pretended that the defendants make and sell either the furnaces or the valves, or the pans. It is not pretended that they make all the parts of the apparatus invented by the plaintiff. It is not pretended that besides furnishing piping, elbows and sheet iron suitable for the flues intended to be put up, they put them up for planters in combination with each other, and with furnaces, valves and pans as invented by the plaintiff. All that is pretended is, that the defendants made and sold some of the materials and parts of the plaintiff's apparatus 'in form suitable to be used in the construction of his tobacco-curer, expecting them to be so used.

Now, the general principle is well settled that the making and selling of the separate materials for a patented combination is not an infringement of the rights of its inventor. The cases of Prouty v. Ruggles, 16 Pet. [41 U. S.] 336; Byam v. Farr [Case No. 2,264]; Foster v. Moore [Id. 4,978]; Vance v. Campbell, 1 Black [66 U. S.] 427; Eanes v. Godfrey, 1 Wall. [68 U. S.] 78,—and numerous subsequent decisions settle that point. True, there is an obvious exception to this general rule. If two or more persons conspire, one to make one part of a patented combination, and another another part, with the intention that the parts should be afterwards put together—this is an infringement. But in order to render one who makes and sells parts of a patented combination liable for infringement, the parts manufactured must be useless in any other machine, and they must be sold and manufactured with the understanding or intention that the remaining parts are to be supplied by another, and the whole then combined for use. Such is the doctrine of the leading case of Wallace v. Holmes [Case No. 17,100], which was the case of a lamp-burner, wholly useless unless combined with the glass chimney intended to be used with it. Now it cannot be pretended that the piping, elbows and sheet-iron which were made and sold by the defendants here were useless except when combined with short furnaces, valves and pans in the combination invented by the plaintiff. They are articles in very general use for numerous valuable purposes other than in the Millner tobacco-curer. It would be too violent an interference with trade and the rights of merchants and manufacturers, to confine the right of making and selling such articles to the plaintiff and his agents; and so if the jury on the evidence before them in this case should find a verdict for the plaintiff, I should feel constrained to set the verdict aside. It is useless for the trial to proceed further.

The verdict of the jury was then written, finding for the defendants, and signed by the foreman. After which it was entered as having been so found by instruction of the court.